IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. AVIS BIG TRACK, Defendant. | CR 24-07-GF-BMM-JTJ<br><br>FINDINGS AND RECOMMENDATIONS |

## I. Synopsis

Defendant Avis Big Track (Big Track) has been accused of violating the conditions of her supervised release. (Docs. 32 and 35). Big Track admitted some of the alleged violations. Big Track's supervised release should be revoked. Big Track should be sentenced to custody for 3 months, with 21 months of supervised release to follow. During her supervised release, Big Track shall be placed in a residential treatment center, if available, as directed by her probation officer, for a term not to exceed 180 days.

## II. Status

Big Track pleaded guilty on April 24, 2024, to the offense of Burglary, in violation of 18 U.S.C § 1153(b) and Mont. Code Ann. § 45-6-204(1), as set forth

in Count 1 of the Indictment. (Doc. 21). The Court sentenced Big Track to 12 months and 1 day of custody, followed by 2 years of supervised release. (Doc. 29). Big Track's current term of supervised release began on January 2, 2025.

**Petition**

On April 11, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Big Track's supervised release. (Doc. 32). The Petition alleged Big Track violated conditions of her supervised release by: (1) failing to notify her probation officer within 72 hours of being questioned by tribal law enforcement on March 14, 2025; (2) failing to report to her probation officer as directed on March 18, 2025, March 25, 2025, April 1, 2025 and April 8, 2025; and (3) failing to participate in substance abuse treatment during March of 2025.

**Amended Petition**

On April 15, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Big Track's supervised release. (Doc. 35). The Amended Petition alleged Big Track violated the conditions of her supervised release by the added violations of (4) failing to notify her probation officer within 72 hours of being questioned by tribal law enforcement on March 24, 2025; (5) consuming alcohol on April 14, 2025; and (6) testing positive for methamphetamine on April 15, 2025.

**Initial Appearance**

Big Track appeared before the Court on May 6, 2025. Big Track was represented by counsel. Big Track stated that she had read the Amended Petition and that she understood the allegations against her. Big Track waived her right to a preliminary hearing.

**Revocation hearing**

Big Track appeared before the Court on May 6, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Big Track admitted that she had violated the conditions of supervised release as set forth in the Amended Petition by: (1) failing to notify her probation officer within 72 hours of being questioned by tribal law enforcement on March 14, 2025; (2) failing to report to her probation officer as directed on March 18, 2025, March 25, 2025, April 1, 2025 and April 8, 2025; (4) failing to notify her probation officer within 72 hours of being questioned by tribal law enforcement on March 24, 2025; (5) consuming alcohol on April 14, 2025; and (6) testing positive for methamphetamine on April 15, 2025. The Government moved to dismiss allegation (3), which the Court granted. Big Track's admitted violations, 1, 2, 4, 5, and 6 are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Big Track appeared before the Court on May 6, 2025. Big Track's violations are Grade C. Her criminal history category is I. Big Track's underlying offense is a Class C felony. Big Track could be incarcerated for up to 24 months. Big Track could be ordered to remain on supervised release for 24 months less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.   Analysis

Big Track's supervised release should be revoked. Big Track should be sentenced to custody for 3 months, with 21 months of supervised release to follow. During her supervised release, Big Track shall be placed in a residential treatment center, if available, as directed by her probation officer, for a term not to exceed 180 days. This sentence is sufficient but not greater than necessary.

### IV.   Conclusion

The Court informed Big Track that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Big Track of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Big Track that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any,

sanction to impose. Big Track waived her right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That AVIS BIG TRACK has violated the conditions of her supervised release by: (1) failing to notify her probation officer within 72 hours of being questioned by tribal law enforcement on March 14, 2025; (2) failing to report to her probation officer as directed on March 18, 2025, March 25, 2025, April 1, 2025 and April 8, 2025; (4) failing to notify her probation officer within 72 hours of being questioned by tribal law enforcement on March 24, 2025; (5) consuming alcohol on April 14, 2025; and (6) testing positive for methamphetamine on April 15, 2025.

The Court **RECOMMENDS:**

> That the District Court revoke Big Track's supervised release and sentence Big Track to custody for 3 months, with 21 months of supervised release to follow. During her supervised release, Big Track shall be placed in a residential treatment center, if available, as directed by her probation officer, for a term not to exceed 180 days.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.

Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 7th day of May 2025.

John Johnston
United States Magistrate Judge