IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 24-07-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| AVIS BIG TRACK, | |
| Defendant. | |

## I.    Synopsis

Defendant Avis Big Track (Big Track) has been accused of violating the conditions of her supervised release. (Docs. 46 and 48). Big Track admitted most of the alleged violations. Big Track's supervised release should be revoked. Big Track should be sentenced to custody for 9 months, with no term of supervised release to follow.

## II.    Status

Big Track pleaded guilty on April 24, 2024, to the offense of Burglary, in violation of 18 U.S.C § 1153(b) and Mont. Code Ann. § 45-6-204(1), as set forth in Count 1 of the Indictment. (Doc. 21).  The Court sentenced Big Track to 12 months

and 1 day of custody, followed by 2 years of supervised release. (Doc. 29). Big Track's current term of supervised release began on July 14, 2025.

**Petition**

On July 16, 2025, the United States Probation Office filed a Petition requesting that the Court revoke Big Track's supervised release. (Doc. 32). The Petition alleged Big Track violated conditions of her supervised release by: (1) failing to follow the instructions of her probation officer on July 14, 2025 to remain home until her transportation to the residential reentry center in Billings, Montana on July 15, 2025; and (2) failing to arrive for placement at the residential reentry center in Billings, Montana on July 15, 2025.

**Amended Petition**

On July 18, 2025, the United States Probation Office filed an Amended Petition requesting that the Court revoke Big Track's supervised release. (Doc. 48). The Amended Petition alleged Big Track violated the conditions of her supervised release by the added violations of: (3) being in possession of marijuana on July 18, 2025; and (4) testing positive for methamphetamine and marijuana on July 18, 2025.

**Initial Appearance**

Big Track appeared before the Court on July 30, 2025. Big Track was represented by counsel. Big Track stated that she had read the Amended Petition

and that she understood the allegations against her.  Big Track waived her right to a preliminary hearing.

**Revocation hearing**

Big Track appeared before the Court on July 30, 2025. The parties consented to proceed with the revocation hearing before the undersigned. Big Track admitted that she had violated the conditions of supervised release as set forth in allegations 1, 2 and 4 of the Amended Petition. The Government moved to dismiss allegation 3, which the Court granted.  Big Track's admitted violations, 1, 2 and 4, are serious and warrant revocation of her supervised release.

**Sentencing hearing**

Big Track appeared before the Court on July 30, 2025. Big Track's violations are Grade C.  Her criminal history category is I.  Big Track's underlying offense is a Class C felony.  Big Track could be incarcerated for up to 24 months.  Big Track could be ordered to remain on supervised release for 21 months less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Big Track's supervised release should be revoked.  Based upon the agreement of the parties, Big Track should be sentenced

to custody for 9 months, with no term of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Big Track that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Big Track of her right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Big Track that Judge Morris would consider a timely objection before making a final determination on whether to revoke her supervised release and what, if any, sanction to impose. Big Track waived her right to appeal and allocute before Judge Morris.

The Court **FINDS:**

> That AVIS BIG TRACK has violated the conditions of her supervised release by: (1) failing to follow the instructions of her probation officer on July 14, 2025 to remain home until her transportation to the residential reentry center in Billings, Montana on July 15, 2025; (2) failing to arrive for placement at the residential reentry center in Billings, Montana on July 15, 2025; and (4) testing positive for methamphetamine and marijuana on July 18, 2025.

The Court **RECOMMENDS:**

> That the District Court revoke Big Track's supervised release and sentence Big Track to custody for 9 months, with no term of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 30th day of July 2025.

John Johnston
United States Magistrate Judge